IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUBILANT CADISTA PHARMACEUTICALS, INC.,

                        Plaintiff,

   - vs -

RAM POTTI and EPIC PHARMA LLC,

                        Defendants.

Civil Action No.:
1:12-cv-02089-~~CCB~~ GLR

## STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL AND INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

Whereas, the parties have stipulated that certain discovery material be treated as confidential and that certain provisions of Fed. R. Evid. 502 be incorporated in an order;

Accordingly, it is this _13th_ day of _February_, 2013, by the United States District Court for the District of Maryland, ORDERED:

1. Designation of Discovery Materials as Confidential. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

   (a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." One who provides material may designate it as "HIGHLY CONFIDENTIAL" only when such person in good

faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential. One who provides material may designate it as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only when such person in good faith believes it contains (i) non-public financial and/or other commercially-sensitive information (*e.g.* pricing, customer lists, business and/or marketing plans or analysis, profit and loss information, license agreements and the like); or (ii) is subject to an express obligation of confidentiality owed to a third-party. A party shall not routinely designate material as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only

if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL." Any testimony which describes a document which has been designated as "HIGHLY CONFIDENTIAL," as described above, shall also be deemed to be designated as "HIGHLY CONFIDENTIAL." Any testimony which describes a document which has been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as described above, shall also be deemed to be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) All documents produced by any party in this case shall be used solely for this litigation and any related appeals, and shall not be used for any other purpose whatsoever, including without limitation any other litigation (including but not limited to arbitration proceedings), or any business or competitive purpose or function of any kind.

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

(1) Disclosure may be made to counsel and employees of counsel who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of

this Protective Order requiring that the documents and information be held in confidence.

(2) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(3) Disclosure may be made to court reporters engaged in depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of the Protective Order.

(4) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence.

(e) Only the following individuals shall have access to materials designated "HIGHLY CONFIDENTIAL," absent the express written consent of the producing party, or as further limited by this Protective Order or further Court order:

(1) Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of the

respective law firms assisting in the litigation, except that this provision does not include John Reilly of LeClairRyan, P.C.;

(2) Outside experts and consultants of the receiving party, and their support staff and clerical employees assisting in the litigation;

(3) The Court, court personnel, the jury, court reporters and/or videographers who record testimony or other proceedings in this action, as well as any mediators who assist with the resolution of the litigation;

(4) Professional litigation support vendors, including but not limited to copy, graphics, translation, database and/or trial support and/or trial consulting services that shall be provided with, and agreed to be bound by, this Protective Order.

(5) Himanshu Patel and Kamal Mandan on behalf of plaintiff; Ashok Nigalaye and Enna Krivitsky on behalf of defendants.

(f) Only the following individuals shall have access to materials designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," absent the express written consent of the producing party, or as further limited by this Protective Order or further Court order:

(1) Only those persons listed in (e)(1) through (e)(4) above.

Notwithstanding the foregoing, if officers or employees of the parties are believed to need access to material for consideration of the strengths and weaknesses of the claims in conjunction with mediation or settlement of this case, or to prepare for the hearing in this matter, the parties through their counsel will cooperate in advance of any disclosure in trying to reach agreement among themselves as to what information may be supplied to predesignated persons

for these limited purposes under the provisions of and in accordance with this Order and, if necessary thereafter, in promptly jointly referring this issue to the Court.

    (f)    If, during the deposition, any witness, examining attorney, or defending attorney believes that the testimony to be given or the questions to be asked will include information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" then the attorney or witness shall immediately announce on the record, prior to the question or testimony, that the question or testimony will include information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If such protection is so asserted, such protected materials shall not be used at the deposition unless and until the Deponent has agreed to be bound by this Protective Order. In the event the deponent refuses, the material may not be used at that deposition unless and until the Court orders otherwise. Notwithstanding the foregoing, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material of a designating party may be used at the deposition of an employee or former employee of that designating party, or one who appears on the face of the document as an author, addressee or recipient thereof, or one who has prior knowledge of the contents of the documents or thing, participated in the events described or contained in the documents or things or are referenced therein, or in whose files the document or thing was found, regardless of whether the employee executes the statement of confidentiality. In addition, any persons not authorized to receive information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the terms of this Order shall promptly leave the deposition room and may only return when the witness and outside counsel have concluded

the portion of the testimony involving information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(g) Any document marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and included on any parties' list of trial exhibits may be reviewed with counsel, but not retained, by any trial witness designated by either party after signing receiving a copy of, and agreeing to be bound by, this Protective Order. The disclosure and review of the documents by the witness is only for the purpose of the immediate preparation for his or her testimony at trial and in no way waives the protections of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation as set forth in the Protective Order.

(h) Excerpts as provided in subparagraphs (d) and (e) above, counsel for the parties shall keep all documents subject to this Protective Order within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(i) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "CONFIDENTIAL" under this Protective Order or any portion thereof, shall be immediately affixed with the work "CONFIDENTIAL" if that word does not already appear.

(j) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "HIGHLY CONFIDENTIAL" under this Protective Order or any portion thereof, shall be

        immediately affixed with the work "HIGHLY CONFIDENTIAL" if that phrase does not already appear.

   (k)    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order or any portion thereof, shall be immediately affixed with the work "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if that phrase does not already appear.

2.    Confidential Information Filed with Court. To the extent that any materials subject to this Protective Order (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED February 13, 2013," together with a simultaneous motion pursuant to L.R.104.13(c) (hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by L.R.105.11. Even if the filing party believes that the materials subject to the Protective Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph four of this Protective Order.

3.    Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on ground that the material to be disclosed required protection greater than that afforded by this Protective Order unless the party claiming a need for

greater protection moves for an order providing such special protection pursuant to Fed.R.Civ.P.26(c).

4. Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed.R.Civ.P.37(a)(5) apply to such motions.

5. Return of Confidentiality Material at Conclusion of Litigation. At the conclusion of the litigation, all material subject to this Protective Order that are not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

6. Non-waiver of privilege for inadvertently disclosed materials. Pursuant to Fed.R.Evid.502(d), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or the work-product protection shall not waive the protection or the privilege for either that document or for the subject matter of that document.

7. Return of inadvertently disclosed materials. Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the producing party, or destroyed, at the party's option. If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed.R.Civ.P.26(b)(5)(B) and Fed.R.Evid.502.

**IT IS SO ORDERED.**

_/s/ George L. Russell_

Hon. George L. Russell, III
Judge, United States District Court for the
District of Maryland