## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JUBILANT CADISTA PHARMACEUTICALS, INC.,

                          Plaintiff,

     - vs -

RAM POTTI and EPIC PHARMA LLC,

                         Defendants.

Civil Action No.:
1:12-cv-02089-GLR

### LOCAL RULE 104.7 DECLARATION OF LESLIE PAUL MACHADO

LESLIE PAUL MACHADO, under penalty of perjury, declares as follows:

1.     I am a partner at LeClairRyan, a Professional Corporation, and one of the counsel of record in this case for Plaintiff Jubilant Cadista Pharmaceuticals, Inc., f/k/a Cadista Pharmaceuticals, Inc., Jubilant Pharmaceuticals, Inc. and Trigen Laboratories, Inc. ("Cadista").

2.     As detailed in the attached briefs, defendant Epic Pharma LLC ("Epic") has refused to produce responsive documents in this case, despite: (a) a requirement to do so under the Federal Rules; (b) a specific identification by counsel of the types of responsive documents that need to be produced; and (c) a promise by Epic's counsel during a meet-and-confer teleconference in mid-March to produce documents by March 22.

3.     Consequently, on March 29, 2013, pursuant to Local Rule 104.8(a), Cadista served Epic with a motion to compel. **Exhibit 1 (motion to compel, exhibits and transmittal email message).** In the meantime, Epic also failed to comply with its additional agreement to produce all of its electronic documents during the week of April 1.

4.     On April 15, 2013, Epic served its opposition brief. **Exhibit 2 (opposition brief, exhibits and transmittal email message).**

5.     On April 22, 2013, Cadista served Epic with a copy of its reply brief and, pursuant to Local Rules 104.7 and 104.8(b), asked Epic's counsel to meet-and-confer about the outstanding issues.  **Exhibit 3 (reply brief and transmittal email message).**

6.     To date, Epic's local and New York counsel have not agreed to the requested meet-and-confer.

7.     However, on April 22, 2013, I received a phone call from Alan Pollack from Robinson Brog Leinwand Greene Genovese & Gluck, P.C. in New York, who advised that he would soon be entering his appearance on behalf of the defendants in this case.[1]  During that call, I explained that the motion to compel was fully briefed and that – due to the inordinate delay in discovery caused by Epic's actions and in view of upcoming discovery deadlines – we needed to meet-and-confer about the motion in the next 48 hours.  I then sent Mr. Pollack a copy of the three motions and reiterated the need to meet-and-confer.  **Exhibit 4.**

8.     On April 25, I sent Mr. Pollack a follow-up email message in which I explained that, if I did not hear from him by the close of business today, I would submit the motion to the Court for resolution.  **Exhibit 5.**

9.     I then spoke with Mr. Pollack later on April 25.  He indicated that he was not in a position to discuss the merits of the motion and, because of his recent retention, could not explain why Epic had not produced the responsive documents.  He did not agree to produce any documents and, other than advising that he needed additional time to become familiar with the case, did not provide any specific date by which he would agree to produce the documents.  I advised him that, consequently, I would be submitting the motion to the Court for resolution.

---

[1]    A motion to withdraw was subsequently filed by the defendants' current local and New York counsel. Dkt. 23

10.     Accordingly, pursuant to Local Rule 104.8(a), Cadista submits its motion to compel (Exhibit 1), Epic's opposition (Exhibit 2) and Cadista's reply (Exhibit 3) to the Court for resolution and requests that the Court grant Cadista's motion to compel, extend the deadline for its expert disclosures, and award it its costs and attorneys' fees.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 25, 2013

_____
Leslie Paul Machado

## CERTIFICATE OF SERVICE

I hereby certify that, on April 25, 2013, the foregoing was filed with the Court's CM/ECF system, which will serve all counsel of record, and that I separately served the foregoing on the following:

Alan M. Pollack
Robinson Brog Leinwand Greene Genovese & Gluck, P.C.
875 Third Avenue
New York, New York 10022
amp@robinsonbrog.com

/s/Leslie Paul Machado
Leslie Paul Machado