IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JUBILANT CADISTA PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> - vs - <br><br> RAM POTTI and EPIC PHARMA LLC, <br><br> Defendants. | Civil Action No.: <br> 1:12-cv-02089-GLR |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT EPIC PHARMA LLC

### BACKGROUND

Plaintiff Jubilant Cadista Pharmaceuticals, Inc., f/k/a Cadista Pharmaceuticals, Inc., Jubilant Pharmaceuticals, Inc. and Trigen Laboratories, Inc. ("Cadista"), has moved to compel defendant Epic Pharma LLC ("Epic") to provide outstanding discovery responses.[1] Cadista's motion showed that Epic had repeatedly violated its discovery obligations by: (a) not producing all responsive documents during the parties' February 19 contemporaneous exchange; (b) breaching its promises to supplement its deficient production by March 22; and (c) failing to abide by its agreement to produce electronic documents during the week of April 1 (*i.e.*, no later than April 5). Epic has so far failed to produce *any* additional documents.

More than two weeks after being served with Cadista's motion to compel, having still not produced any responsive documents, Epic served a four-page response that continues to ignore its discovery obligations. Rather than respond to Cadista's arguments, Epic makes a series of

---

[1] Pursuant to Local Rule 104.8(a), Cadista did not initially file the motion with the Court, but instead served Epic's local and New York counsel on March 29, 2013. Epic served its response on Cadista's counsel on April 15, 2013.

EXHIBIT 3

misleading statements about Cadista's alleged discovery failures in an attempt to shift the Court's attention away from Epic's own deficiencies. This argument is futile because it is both unfounded and irrelevant. Epic has no excuse for failing to produce what should be thousands of pages of responsive documents, and should be compelled to do so now.

## ARGUMENT

Before addressing Epic's misleading opposition, it is important to note that Epic has not disputed or disagreed with the basic facts contained in Cadista's motion that:

(a) the documents sought by Cadista's September 2012 document requests about Epic's creation, formulation and manufacture of its Meclizine product are relevant to this dispute;

(b) the parties contemporaneously exchanged documents on February 19, 2013;

(c) Epic's entire production (approximately 1,200 pages) was limited to selected sections from its Abbreviated New Drug Application filing with the FDA for approval of its Meclizine product and selected pages from a lab notebook, while Cadista's production in response to similar requests totaled over 20,000 pages of documents;

(d) Cadista thereafter advised Epic about the types of documents that were responsive to the outstanding requests but missing from the production;

(e) During a March 13 meet-and-confer about various discovery disputes, Epic agreed to supplement its production, as reflected by a follow-up confirming letter, by March 22 and separately to a contemporaneous exchange of electronic documents to be completed during the week of April 1; and

(f) Epic has not supplemented its production nor offered any excuse for its failure to do so, nor sought any further extension to produce.

This undisputed record shows that Epic has not met its discovery obligations, despite having months to search for and produce responsive documents. It shows that, after Cadista provided examples of the types of documents that were missing from the production, and Epic's counsel promised to supplement that production by a date certain, Epic did not do so. It shows that, even

now, Epic has not supplemented its production or produced its electronic documents. It shows that Cadista's motion to compel must be granted.

Against this record, Epic's only response is obfuscation. Epic argues that the parties targeted "the week of April 1" as the date for supplemental productions, so that Cadista's motion was "prematurely served." Opp. at 2. This is incorrect. On March 13, both Epic's local and its New York counsel agreed, during a telephone call, that the parties would supplement their paper productions by March 22, and that is what the March 20 follow-up letter confirmed.

The week of April 1, on the other hand, was for production of electronic documents – not paper documents that should have been produced with the initial paper production many weeks earlier. Indeed, the March 20 letter cited by Epic expressly states: "As I explained during our call, [Cadista's] search of the electronic documents is ongoing and it expects to produce those documents the week of April 1." Cadista Motion to Compel, Exhibit D. Epic's opposition simply misrepresents the facts.

Moreover, even if the week of April 1 was when Epic intended to make its supplemental production, Epic has not produced <u>any</u> additional documents – on March 22 (when they were promised), during the week of April 1 (when its counsel now asserts they were due), <u>or since then</u>. Epic's focus on April 1 is thus irrelevant.

Epic's attempt to argue that Cadista is somehow at fault here is similarly unpersuasive. Epic incorrectly argues that Cadista refused to produce its electronic documents during the week of April 1 based on a mischaracterization of an email message to counsel sent on April 5. During the parties' March 13 meet-and-confer, they agreed to contemporaneously exchange electronic documents during the week of April 1. Accordingly, having heard nothing from Epic earlier during

that week, on Friday, April 5, Cadista wrote to see if Epic was ready for the agreed upon contemporaneous exchange:

> *We previously both agreed to produce our electronic documents during the week of April 1.* Cadista is ready to comply with that agreement and is now ready to produce the responsive documents from its search of its electronic documents. *Please confirm that the defendants are also ready to comply with their prior agreements and will be producing their electronic documents today.* If defendants are not producing their electronic documents today, please let me know when the defendants will be making their production, and we will produce our documents contemporaneously.

(Exh. A to Opposition (emphasis added)).

While Epic now argues that Cadista has somehow held its documents hostage, this argument ignores that: (a) the parties agreed to contemporaneously produce documents; (b) the email message only sought to confirm that Epic was producing its documents so that the parties could coordinate the contemporaneous exchange; (c) Epic failed to reply to that message whatsoever; and (d) Epic did not produce any documents on April 5, or since then.

Again, this argument is both misleading and irrelevant. It provides no excuse for Epic's breach of its agreement to exchange electronic documents or its counsel's failure to even provide a response to Cadista's inquiry. Epic's utter disregard of its discovery obligations, including even the basic obligation to communicate with Cadista's counsel regarding these discovery disputes, cannot be excused. The Court should grant Cadista's motion.[2]

---

[2] The remainder of Epic's opposition is its cross-motion to compel documents from Cadista. Opp. at 2-3. Cadista will respond to those unfounded arguments in accordance with the Local Rules.

7456078.1

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Cadista's opening brief, the Court should grant Cadista's motion to compel, extend the deadline for its expert disclosures, and award it its costs and attorneys' fees.

Dated: April 22, 2013                                     Respectfully submitted,

/s/Leslie Paul Machado
Leslie Paul Machado (Bar No. 14952)
Robert P. Fletcher (Bar No. 02893)
LeClairRyan, a Professional Corporation
1101 Connecticut Avenue, N.W., Suite 600
Washington, DC 20036
(202) 659-4140 (phone)
(202) 659-4130 (facsimile)
leslie.machado@leclairryan.com
robert.fletcher@leclairryan.com

**Counsel for Plaintiff Jubilant Cadista Pharmaceuticals, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served electronically on this 22nd day of April 2013 on the following:

Timothy M. Sullivan
Beveridge & Diamond, P.C.
201 N. Charles Street, Suite 2210
Baltimore, Maryland 21201-4150
tsullivan@bdlaw.com

Aaron M. Zeisler
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, Suite 1190
New York, New York 10169
azeisler@ssbb.com

/s/Leslie Paul Machado
Leslie Paul Machado

## Machado, Leslie P.

| | |
|---|---|
| **From:** | Fletcher, Robert P. |
| **Sent:** | Monday, April 22, 2013 10:44 AM |
| **To:** | Aaron M. Zeisler; tsullivan@bdlaw.com |
| **Cc:** | Machado, Leslie P. |
| **Subject:** | Reply brief |

**Attachments:** DOC.PDF

Aaron, Tim, please see the attached reply brief for our motion to compel. Pursuant to Local Rule 104.7, we request an immediate conference of counsel to seek to resolve this discovery dispute. Please contact us with your availability for a conference. We need to get this matter resolved expeditiously, so please get back to us today regarding scheduling a conference. Thank you. Bob


**Robert P. Fletcher**
**Attorney at Law**
LECLAIRRYAN
1101 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036
(202) 659-6714 Direct
(202) 659-4130 Fax
(571) 405-0798 Mobile
Robert.Fletcher@leclairryan.com
http://www.leclairryan.com

Please consider the environment before printing this email.